**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4852

SCOTT MATTINGLY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-97-241-A)

Submitted: June 9, 1998

Decided: August 13, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Hundley, BRIGLIA & HUNDLEY, P.C., Fairfax, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Damon J.
Savoy, Special Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Scott Mattingly appeals the district court's denial of his motion to withdraw his guilty plea. In addition, Mattingly's attorney has filed a supplemental brief in accordance with Anders v. California,[1] suggesting that the district court did not comply with the mandates of Federal Rule of Criminal Procedure 32(c), which requires the court to prepare written findings on the objections to the presentence report raised by counsel. Mattingly has also moved for appointment of new counsel and to file a pro se supplemental brief. Finding no error, we affirm.

I.

Mattingly was indicted on charges of conspiring to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), possession with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), and carrying and using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.§ 924(c) (1994). On June 23, 1997, Mattingly pled guilty to conspiring to distribute fifty or more grams of crack cocaine, and in exchange, the government moved to dismiss the remaining charges. The district court accepted Mattingly's plea and entered an order dismissing the indictment's remaining counts. Sentencing was scheduled for September 29, 1997.

On August 14, 1997, Mattingly moved to withdraw his guilty plea. The district court denied Mattingly's motion, finding that he had failed to demonstrate a "fair and just reason" to support the withdrawal of his plea. Mattingly filed a renewed motion to withdraw his guilty plea, and the district court heard argument on that motion. Dur-

_____

[1] 386 U.S. 738 (1967).

ing the hearing, Mattingly contended that his guilty plea resulted from intimidation; some of the facts supporting the plea were incorrect; and his plea was not knowingly and voluntarily made due to medication he was taking at the time the plea was entered. The district court denied the motion and sentenced Mattingly to 262 months in prison. Mattingly raises several issues on appeal, each of which we address in turn.

II.

First, Mattingly contends that his guilty plea was not knowingly and voluntarily made because he was under the influence of medication at the time the plea was entered. That medication, Tofranil, is a psycho-active antidepressant that Mattingly began taking in May 1997 to help alleviate the symptoms associated with cocaine withdrawal. At the second hearing on his motion to withdraw his plea, Mattingly cited the effects of Tofranil as the reason he failed to communicate to the district court his objections to the plea agreement.[2] Mattingly now claims that the district court erred in denying his motion to withdraw his guilty plea because he asserted "fair and just reason[s]" for the withdrawal of his plea. We disagree.

A defendant does not have an absolute right to withdraw a guilty plea.[3] Rather, Federal Rule of Criminal Procedure 32(d) requires a defendant to present a "fair and just reason" for the withdrawal.[4] Courts consider a variety of factors in determining whether a defendant has met his burden under Rule 32(d). These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of

_____

[2] Use of Tofranil may result in:"[c]onfusional states (especially in the elderly) with hallucinations, disorientation, delusions; anxiety, restlessness, agitation; insomnia and nightmares; hypomania; exacerbation of psychosis." PHYSICIANS' DESK REFERENCE (52d ed. 1998).

[3] **See United States v. Ewing**, 957 F.2d 115, 119 (4th Cir. 1992).

[4] Fed. R. Crim. P. 32(d).

3

the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.**5**

We review a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion.**6**

The record demonstrates that the district court carefully considered the factors set forth in Moore in determining that Mattingly had not met his burden under Rule 32(d). Before accepting Mattingly's guilty plea, the district court specifically inquired into the effects, if any, of the Tofranil on Mattingly's thought processes.**7** Based upon his responses, the district court determined that Mattingly was knowingly and intelligently pleading guilty, and understood both the charges against him and the consequences of his plea.**8**

In addition, the district court properly assessed the other factors outlined in Moore. The district court correctly determined that: (1) by filing his motion to withdraw his guilty plea, Mattingly was not asserting innocence, but rather, merely seeking to renegotiate the plea he had reached with the prosecutors; (2) Mattingly had close assistance of competent counsel; and, (3) granting the motion would result in a waste of judicial resources.**9** Accordingly, we hold that the district court did not abuse its discretion in determining that Mattingly failed to present a fair and just reason for withdrawing his guilty plea.**10**

_____

**5** **United States v. Moore**, 931 F.2d 245, 248 (4th Cir. 1991) (citations omitted).
**6** **See United States v. Puckett**, 61 F.3d 1092, 1099 (4th Cir. 1995).
**7** **See** J.A. at 19-20.
**8** **See id.** at 64.
**9** **Id.** Although the district court determined that granting the motion would not result in prejudice to the government, this finding alone does not justify permitting a defendant to withdraw a guilty plea. See Moore, 931 F.2d at 248.
**10** Having determined that Mattingly did not present a fair and just reason for the withdrawal of his guilty plea, we similarly reject his alternative argument that we remand the matter to the district court for an evidentiary hearing on the merits of his motion to withdraw his plea. See Moore, 931 F.2d at 248.

4

III.

Mattingly's counsel filed a supplemental brief in accordance with Anders v. California,**11** suggesting that the district court did not comply with the mandates of Federal Rule of Criminal Procedure 32(c), which requires the district court to prepare written findings on the objections to the presentence report ("PSR") raised by counsel. We find that the claim is without merit.

We have held that "[t]o comply with this rule, `a sentencing court need not articulate a finding as to disputed factual allegations with minute specificity,' nor need it separately recite its finding as to each controverted matter."**12** Rather, it is adequate "for the sentencing court to adopt the findings contained in the PSR, provided the court makes clear which disputed issues were resolved by its adoption."**13**

In the instant case, following the conclusion of the sentencing hearing, the district court prepared and signed an order entitled "Judgment in a Criminal Case." This order stated that "[t]he court adopts the factual findings and guideline application in the presentence report except [for] denied acceptance."**14** As the district court expressly adopted the findings contained in the PSR, we hold that it complied with the mandates of Rule 32(c).

IV.

Finally, we grant Mattingly's motion to file a pro se supplemental brief. Mattingly claims: (1) the district court violated Federal Rule of Criminal Procedure 32(c); (2) he was denied effective assistance of counsel; (3) he should not have been found guilty of the underlying conspiracy; (4) the district court should not have attributed 1.5 kilograms of crack cocaine to him as part of his relevant conduct; and (5) he was denied a hearing pursuant to § 6A1.3 of the United States Sen-

_____

**11** 386 U.S. 738 (1967).
**12** **United States v. Walker**, 29 F.3d 908, 911 (4th Cir. 1994) (internal citations omitted).
**13** **Id.** (citations omitted).
**14** J.A. at 90.

5

tencing Guidelines. In addition, Mattingly renews his motion for appointment of new counsel. In the alternative, he requests that we adopt the aforementioned arguments into the instant appeal.

After a review of the briefs and record, we conclude that Mattingly's pro se claims are without merit. First, as noted above, the district court complied with the mandates of Rule 32(c). Second, Mattingly's ineffective assistance claim is not cognizable on direct appeal because it does not conclusively appear on the face of the record that counsel's performance was deficient.[15] Mattingly also claims that he should not have been found guilty of the underlying conspiracy and that the district court improperly attributed 1.5 kilograms of crack cocaine to him as part of his relevant conduct. We note that Mattingly signed a written plea agreement which provided in the "Statement of Facts" that he distributed "more than 1.5 kilograms of cocaine base." Further, at the plea hearing, Mattingly admitted that the "Statement of Facts" was correct.[16] On this evidence, the district court did not err in attributing 1.5 kilograms to Mattingly. Finally, Mattingly was not denied a hearing under USSG § 6A1.3. During the sentencing hearing, Mattingly, through counsel, argued that "he never distributed any controlled substance and that 1.5 kilograms of cocaine was not foreseeable to him."[17] Thus, in accordance with USSG § 6A1.3, Mattingly had "an adequate opportunity to present information to the court regarding that factor."[18]

V.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

---

[15] See **United States v. DeFusco**, 949 F.2d 114, 120-21 (4th Cir. 1991) (noting that ineffective assistance of counsel claims should generally be raised in motions pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), rather than on direct appeal).

[16] See **DeFusco**, 949 F.2d at 120.

[17] **Id.** at 68.

[18] **United States Sentencing Guideline Manual** § 6A1.3(a) (1997).

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7